UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HIRA JAIN, M.D., | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | |
| VS. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT, and | : | |
| PHILIP E. AUSTIN, JOHN SADDLEMIRE, and | : | |
| MICHAEL KURLAND, in their individual and | : | |
| official capacities: | : | |
| Defendants | : | April 1, 2008 |

## COMPLAINT

_____This is an action seeking damages and other relief against the University of Connecticut ("UConn") and individual defendants as a result of (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e; (2) and (3) violation of plaintiff's rights to equal protection of the laws in violation of 42 U.S.C. §1983; (4) violation of the Civil Rights Act of 1871, 42 U.S.C. §1981; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing; (7) promissory estoppel; and (8) negligent misrepresentation.

## JURISDICTION

1. Jurisdiction of this court is invoked under the provisions of 28 U.S.C. §1331, and under 42 U.S.C. §§1981 and 1983, and under Title VII, 42 U.S.C. §§2000e et seq.  The supplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. §1367.

2. Plaintiff has exhausted his administrative remedies.  He filed a timely complaint with both the Connecticut Commission on Human Rights and Opportunities (CHRO) and the

Equal Employment Opportunities Commission (EEOC) and received a right to sue letter from the Department of Justice. This Complaint is being filed within ninety days of receipt of that letter.

**THE PARTIES**

3. Plaintiff, Hira Jain, is a resident of Glastonbury, Connecticut and was employed by defendant UConn. He is of South Asian descent and his country of origin is India.

4. The defendant UConn is a State University whose business address is 234 Glenbrook Rd., Unit 2011, Storrs, CT 06269. UConn employs more than 15 people, and is an employer as that term is defined under 42 U.S.C. §2000e(b). Defendant UConn receives federal financial assistance.

5. Philip E. Austin was the President of Uconn during all relevant times and is being sued hereunder in his individual and official capacities. At all relevant times herein, Dr. Austin acted under color of state law in his capacity as President.

6. John Saddlemire, Ed.D. is the Vice President, Division of Student Affairs at Uconn, and is being sued hereunder in his individual and official capacities. At all relevant times herein, Dr. Saddlemire acted under color of state law.

7. Michael Kurland, Director of Student Health Services is being sued hereunder in his individual and official capacities. At all relevant times herein, Mr. Kurland acted under color of state law.

**FACTS**

6. Plaintiff began working for Uconn as a Staff Psychiatrist in or about January, 1991, as a part time psychiatrist, which included being on call fifty percent of the time. He was paid $56.00 per hour. He was not compensated for his scheduled on-call availability beyond his base pay.

7. Following the departure of a Staff Psychiatrist in January, 2006, plaintiff was asked if he would be on call full time until another psychiatrist was hired. Being on call full time meant 52 weeks a year, 24 hours a day, seven days a week, despite his part time status. Plaintiff agreed, based on a promise by both Michael Kurland, Director of Health Services, and Sissy Seader, Director of Mental Health Services, that he would be compensated for the additional on call time. Despite these promises, Dr. Jain was never paid for this time.

8. Being on call not only entailed paperwork and telephone calls, rather Dr. Jain would, when necessary, meet students in the emergency room, admit them to the hospital, and treat them. In cases where the students had no insurance, Dr. Jain provided these services without being paid at all.

9. In May, 2006, defendant hired a less experienced, Caucasian male psychiatrist on a per diem basis to begin in August or September of that year. The new psychiatrist was not going to be performing any on call services, so there was no end in sight to plaintiff's

3

being on call 24 hours a day, 7 days a week.

10. Although the usual per diem rate for staff psychiatrists is $110.00 per hour, defendant paid the new hire $135.00 per hour. This individual was being paid more than twice as much as plaintiff without having to be on call and 20 percent more than other per diem doctors, one of whom was a woman, the other of whom was of South Asian ancestry like plaintiff.

11. On June 6, 2006, plaintiff met with Mr. Kurland and Ms. Seader to discuss compensation for his on call time since January. Since plaintiff had been promised compensation, and since the new hire was earning significantly more than plaintiff without on call duties, plaintiff demanded just compensation.

12. Plaintiff offered to resign and return on a per diem basis so that defendant could pay him the same amount as it was paying the new hire. Kurland rejected this suggestion stating that "the new hire would be humiliated" if defendant paid plaintiff the same amount on a per diem basis that the new hire was being paid.

13. Plaintiff then posted e-mails to Seader and defendant's Vice President John Saddlemire about his compensation concerns, and received no response from either of them.

14. On June 12, 2006, Kurland assured plaintiff that he would meet with him in the morning for the purpose of discussing plaintiff's concerns over compensation. After waiting the entire day for Kurland to meet with him, Kurland failed to do so.

4

15. On August 1, 2006, Dr. Jain resigned effective September 1, 2006 because he was not being paid for additional on call time and because he had been discriminated against by Dr. Kurland on the basis of his race when Mr. Kurland refused to hire him on a per diem basis at the same rate as the new hire because, according to Mr. Kurland, the new hire would be "humiliated" by such an arrangement.

**COUNT ONE** (Title VII - race discrimination)

16. Paragraph 1- 15 are incorporated by reference as if fully set forth herein.

17. Plaintiff is a member of the class of individuals protected under Title VII and qualified for his position of Staff Psychiatrist.

18. The defendants took adverse action against the plaintiff when he was not paid for on call duty and when they refused to hire him per diem and when he was constructively discharged.

19. Defendants violated Title VII when they treated plaintiff differently than similarly situated Caucasian employees by paying him less, refusing to let him work per diem, and requiring him to be on call without compensation.

20. Defendants engaged in a pattern and practice of paying those of Indian descent less than Caucasian psychiatrists.

20. Defendants conduct was willful.

21. As a result of the conduct of defendants, plaintiff has suffered and will continue to suffer

damages.

**COUNT TWO** (42 U.S.C. §1983 - class of one)

22..  Paragraph 1-15 are incorporated by reference as if fully set forth herein.

23.  Defendants, acting under color of state law, acted intentionally, maliciously and with a discriminatory purpose and deprived the plaintiff of his right to equal protection under the laws by selectively treating him differently than other similarly situated employees for no rational reason.

24.  The individual defendants directly participated in refusing to compensate plaintiff for on call duties and refusing to hire him per diem, while treating similarly situated employees differently.  Dr. Austin and Dr. Saddlemire were grossly negligent in managing subordinates who participated in the unconstitutional conduct.

25.  Defendants created a policy or custom under which the unconstitutional practices alleged were allowed to occur and/or were grossly negligent in managing subordinates who participated in the unconstitutional conduct.

26.  Plaintiff's right to equal protection under the laws is secured to the plaintiff by the fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §§1983 and 1988.

27.  As a result of defendants' conduct, plaintiff has suffered, and continues to suffer, damages, including lost benefits, and emotional distress.

**COUNT THREE** (Violation of 42 U.S.C. §1983 - race discrimination/bad faith intent to injure)

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 as if incorporated herein.

29. Defendants, acting under color of state law, acted intentionally, maliciously and with a discriminatory purpose and deprived the plaintiff of his right to equal protection under the laws by treating him differently than other non-Indian employees based on his race and/or a malicious or bad faith intent to injure the plaintiff.

30. The individual defendants directly participated in denying plaintiff's request for compensation and/or to resign and reapply as a per diem employee. Dr. Austin and Dr. Saddlemire were grossly negligent in managing subordinates who participated in the unconstitutional conduct.

31. Defendants created a policy or custom under which the unconstitutional practices alleged were allowed to occur and/or were grossly negligent in managing subordinates who participated in the unconstitutional conduct.

32. Defendants, acting under color of state law, treated plaintiff differently in terms and conditions of employment, including compensation, and constructively discharged plaintiff from his employment with UConn.

33. Plaintiff's right to equal protection is secured to him by the fourteenth amendment to the Constitution of the United States and by the provisions of §§1983 and 1988.

34.     As a result of defendants' conduct, plaintiff suffered, and continues to suffer, damages.

**COUNT FOUR** (42 U.S.C. §1981)

35.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 as if incorporated herein.

36.     Defendants have intentionally discriminated against plaintiff on account of his race and have engaged in a pattern and practice of discrimination in violation of 42 U.S.C. §1981.

37.     As a result of defendants' conduct, plaintiff suffered, and continues to suffer, damages.

**COUNT FIVE** (Breach of Implied Contract)

38.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 as if incorporated herein.

39.     Defendants made representations to plaintiff that he would be paid for additional on call time during the period from January, 2006 through June, 2006.

40.     The plaintiff relied on these representations in the course of his employment.

41.     The defendant failed to compensate plaintiff for additional on call time as agreed.  As such, the defendant benefitted from plaintiff's services without having to compensate plaintiff for said services.

42.     Plaintiff suffered damages as a result of the defendants' conduct.

**COUNT SIX** (Breach of the Implied Covenant of Good Faith and Fair Dealing)

43.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 and 39-41 as if

incorporated herein.

44. Plaintiff and defendants had a contract based on representations by defendant that plaintiff would be paid for additional on call time in 2006.

45. Defendant breached the implied covenant of good faith and fair dealing by promising but then failing to compensate plaintiff for additional on call hours.

46. Defendant allowed plaintiff to work those hours for the dishonest purpose of benefitting from the promise without compensating plaintiff thereby acting in bad faith.

47. As a result of defendant's conduct, plaintiff has suffered damages.

**COUNT SEVEN** (Promissory Estoppel)

48. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 and 39-41 as if incorporated herein.

49. Defendants promised to compensate plaintiff for additional on call time until they hired another staff psychiatrist.

50. Defendant expected that plaintiff would rely on that promise when he accepted the additional on call time, and plaintiff did so rely.

51. Defendant failed to compensate plaintiff for the additional on call time.

52. As a result of defendants' conduct, plaintiff suffered damages.

**COUNT EIGHT** (Negligent Misrepresentation)

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 as if

       incorporated herein.

54. Defendant made representations regarding compensation for additional on call hours which it knew or should have known at the time it made the representations were false;

55. Defendant knew or should have known that plaintiff would rely on those representations;

56. The plaintiff was justified in relying on the representations

57. Plaintiff suffered a detriment as a result of his reliance;

58. As a result of defendant's conduct, plaintiff suffered damages.

WHEREFORE, the plaintiff claims

a.     economic and compensatory damages;

b.     punitive damages;

c.     reinstatement

d     interest

e     attorney's fees and costs

f.     such other relief as is necessary and proper to make the plaintiff whole.

                       THE PLAINTIFF, HIRA JAIN, M.D.

                       _____
                       Barbara E. Gardner, Esq. CT07623
                       843 Main Street, Suite 1-4
                       Manchester, CT 06040
                       Telephone: (860) 643-5543
                       Fax: (860) 645-9554
                       E-mail: bg@bgardnerlaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HIRA JAIN, M.D., | : | CIVIL ACTION NO. |
| Plaintiff | | |
| | | |
| vs. | : | |
| | | |
| UNIVERSITY OF CONNECTICUT, and | : | |
| PHILIP E. AUSTIN, JOHN SADDLEMIRE, and | : | |
| MICHAEL KURLAND, in their individual and | : | |
| official capacities: | : | |
| Defendants | : | April 1, 2008 |

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

                                        THE PLAINTIFF, HIRA JAIN, M.D.

                                        Barbara E. Gardner, Esq. CT07623
                                        843 Main Street, Suite 1-4
                                        Manchester, CT 06040
                                        Telephone: (860) 643-5543
                                        Fax: (860) 645-9554
                                        E-mail: bg@bgardnerlaw.com