UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HIRA JAIN, M.D., :<br>     Plaintiff, :<br>:<br>v. :   3:08-cv-489 (WWE)<br>:<br>UNIVERSITY OF CONNECTICUT, :<br>PHILIP E. AUSTIN, JOHN SADDLEMIRE :<br>and MICHAEL KURLAND, in their individual :<br>and official capacities, and MICHAEL :<br>HOGAN, in his official capacity, :<br>     Defendants. : | |

**MEMORANDUM OF DECISION ON MOTION FOR LEAVE
TO AMEND THE COMPLAINT AND MOTION TO DISMISS**

This cases arises from plaintiff's allegations that defendants discriminated against him on the basis of his race in violation of federal law. Plaintiff seeks leave to file a second amended complaint, while defendants Philip E. Austin and John Saddlemire have moved for dismissal because, they allege, plaintiff has failed to properly serve them. Now pending before the Court are plaintiff's Motion for Leave to File Second Amended Complaint (Doc. #23) and defendants' Motion to Dismiss Based on Failure to Serve Defendants Austin and Saddlemire (Doc. #24).[1]

The Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For purposes of ruling on the motions, the Court accepts all allegations of the complaint as true.

---

[1] There is also a Motion to Compel Responses to Discovery (Doc. #26) currently pending before Magistrate Judge Holly B. Fitzsimmons. The Court is not addressing this motion in this ruling.

1

Plaintiff was hired as a part-time Staff Psychiatrist for the University of Connecticut in January 1991.  Beginning in January 2006, plaintiff agreed to work "on call" full time – that is, plaintiff was always accessible.  Plaintiff alleges that defendant Michael Kurland, Director of Health Services, and Sissy Seader, Director of Mental Health Services, promised that plaintiff would be compensated for his additional on-call time.

In May 2006, defendants hired a white male psychiatrist on a per diem basis to begin work in the late summer.  The new hire would not be performing any on call services.  The new hire was paid $135 per hour even though the rate for staff psychiatrists was $110 per hour.

On June 6, 2006, plaintiff met with Kurland and Seader to discuss compensation because plaintiff was upset that he was earning less money than the new hire.  When plaintiff could not secure a salary increase, he emailed Seader and University Vice President defendant John Saddlemire about his compensation.  He received no response from either of them.

When he was unable to secure a raise, plaintiff submitted his resignation on August 1 effective September 1.  Plaintiff alleges that he has exhausted his administrative remedies.

## DISCUSSION

### I.    Motion for Leave to Amend the Complaint

Plaintiff seeks to withdraw several counts from his first amended complaint and add a claim under 42 U.S.C. § 1983 for deprivation of his rights secured by 42 U.S.C. §

1981.  Defendants do not oppose plaintiff's request to withdraw Counts Two, Four, Five, Six, Seven and Eight.  They do oppose the addition of the new claim.

A "party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).  Leave to amend a complaint shall be freely given when justice so requires, and if the plaintiff has at least colorable grounds for relief, justice does so require unless plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party.  S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Hous. Dev. Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979).  Lack of diligence, futility and prejudice are among the good reasons to deny leave to amend.  Chill v. Gen. Elec. Co., 101 F.3d 263, 271 (2d Cir. 1996).

Count Four of plaintiff's first amended complaint asserted a claim under section 1981.  As the Supreme Court has ruled, a claim against a state actor for violating rights guaranteed by section 1981 must be brought under section 1983.  See Jett v. Dallas Sch. Dist., 491 U.S. 701, 735 (1989) see also Anderson v. Conboy, 156 F.3d 167, 176 n.17 (2d Cir. 1998) (following Jett despite circuit split over whether opinion survives enactment of section 1981(c)).  The second amended complaint is aimed at fixing this deficiency in plaintiff's first amended complaint.

The proposed new claim is a section 1983 claim against all defendants.  It is well settled that a state agency is not a "person" within the meaning of section 1983. See Clissuras v. City Univ. of N.Y., 359 F.3d 79, 81 (2d Cir. 2004) (finding that City University of New York was "arm of the state" and thus immune from liability under section 1983); Banerjee v. Roberts, 641 F. Supp. 1093, 1098 (D. Conn. 1986) (finding

3

University of Connecticut was "arm of the state" of Connecticut).  Because the University of Connecticut is an arm of the State of Connecticut, it is not a person within the meaning of section 1983.  Plaintiff cannot, therefore, assert claims against the University of Connecticut pursuant to section 1983.

Further, the Eleventh Amendment bars suits for monetary damages against state officials sued in their official capacities.  See Kentucky v. Graham, 473 U.S. 159 (1985).  Section 1983 does not override the Eleventh Amendment, and a suit against a state or its agency under section 1983 for damages is barred by the Eleventh Amendment.  Quern v. Jordan, 440 U.S. 332, 345 (1979); see also Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990) ("Although Congress is empowered under section five of the Fourteenth Amendment to override Eleventh Amendment immunity and to enforce by appropriate legislation the substantive provisions of the Fourth Amendment … it is well settled that 42 U.S.C. § 1983 does not constitute an exercise of that authority.").  Accordingly, absent any indication that the state has waived its rights under the Eleventh Amendment – and there is no evidence that it has – the Eleventh Amendment bars plaintiff's request for monetary damages against the individual defendants in their official capacities for past actions.

The Court finds defendants' arguments relating to the delay that may be caused by plaintiff's amendment unavailing.  Discovery has yet to close in this case.  Dispositive motions are not due until June 18, 2009.  Therefore, any prejudice caused by the delayed amendment is minimal.  The Court will therefore grant plaintiff's motion for leave to file an amended complaint that conforms to this ruling.

## II. Defendants' Motion to Dismiss as to Defendants Austin and Saddlemire

Defendants claim that plaintiff's case against defendants Austin and Saddlemire is barred because plaintiff failed to serve proper process on them and, as a result, the Court lacks personal jurisdiction over these defendants. Plaintiff argues that defendants waived their defense of the lack of personal jurisdiction.

Federal Rule of Civil Procedure 4(e)(2)(C) provides that an individual may be served pursuant to the law of the state for service upon a defendant or by delivering the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Connecticut General Statutes § 52-64 allows service on any employee of the state in his official capacity by:

> (1) leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General at the Attorney General's office in Hartford, or (2) sending a true and attested copy of the process, including the summons and complaint, by certified mail, return receipt requested, to the Attorney General at the Attorney General's office in Hartford.

Conn. Gen. Stat. § 52-64. See Bogle-Assegai v. Connecticut, 470 F.3d 498, 507-08 (2d Cir. 2006); Smith v. Ibsen, 2008 Conn. Super. LEXIS 329 (Conn. Super. Ct. Feb. 6, 2008). For service against a person in his individual capacity, section 52-57(a) of the Connecticut General Statutes provides that an individual is served "by leaving a true and attested copy of [process], including the declaration or complaint, with the defendant, or at his usual place of abode...."

Federal Rule of Civil Procedure 12(h)(1) provides in relevant part:

> A defense or lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . (B) if it is neither made by motion under this rule nor included in a responsive pleading or an

>amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Plaintiff argues that defendants have waived their argument as to the lack of personal jurisdiction because they did not file their motion to dismiss until four months after filing their answer.

Rule 12(h) specifies no time limit for filing a motion to dismiss for lack of personal jurisdiction  Courts, however, have held that undue delay in filing such a motion could constitute a waiver of that defense.  See, e.g., Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 62 (2d Cir. 1999) (finding waiver of lack of personal jurisdiction defense where defendant did not file a motion to dismiss until four years after it had filed its answer). Where a defendant has preserved his objection to personal jurisdiction and has filed a motion to dismiss in a reasonable time, this Court has found no waiver.  See In re Helicopter Crash near Wendle Creek, B.C. on August 8, 2002, 485 F. Supp. 2d 47, 49 (D. Conn. 2007) (finding no waiver where party moved for dismissal four months after filing its answer).

Here, defendants Austin and Saddlemire were not properly served under section 52-57(a) or section 52-64.  Plaintiff, in fact, concedes that he failed to serve Austin within the requisite time period.  He further has failed to proffer any evidence that Catherine A. Downs, Administrative Assistant to Saddlemire, was authorized to accept service on behalf of Saddlemire.  Absent any such evidence, the Court cannot assume that Downs was so authorized.  See Santos v. State Farm Fire & Casualty Co., 902 F.2d 1092 (2d Cir. 1990) (affirming dismissal where no evidence that defendant corporation had authorized its attorney to accept service of process); Blue Ocean Lines

v. Universal Process Equip., Inc., 1993 U.S. Dist. LEXIS 14090, *11 (S.D.N.Y. Oct. 6, 1993) ("[T]he return of a private process server is not conclusive as to the facts of service...."). Therefore, service was insufficient to establish jurisdiction over Saddlemire.

Austin and Saddlemire noted the lack of personal jurisdiction both in their answer and the Rule 26(f) report submitted by the parties. They then filed a motion to dismiss within a reasonable time period following their answer. By doing so, they preserved their objection to lack of service.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Because defendants have reasonable notice of this action, the Court will allow plaintiff thirty days from the date of the filing of this ruling for plaintiff to properly serve defendants Austin and Saddlemire.

7

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. #23) is GRANTED.  Plaintiff is instructed to file the second amended complaint in accordance with the terms of this ruling within five days of the filing of this ruling.  Further, the Court GRANTS defendants' Motion to Dismiss (Doc. #24) without prejudice to plaintiff's claims.  Plaintiff, however, is permitted thirty days from the filing of this ruling to serve defendants Austin and Saddlemire.  Failure to properly serve defendants Austin and Saddlemire will result in dismissal of the claims against them with prejudice.

Dated at Bridgeport, Connecticut, this 22d day of January, 2009.

/s/
Warren W. Eginton
Senior United States District Judge